[Cite as *State v. Bruce*, 2018-Ohio-2478.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRIAN LEE BRUCE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 JE 0023**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 16 CR 189

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Samuel Pate*, Jefferson County Prosecutor's Office, 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appellee.
*Atty. Eric Reszke*, Suite 810, Sinclair Building, 100 North 4th Street, Steubenville, Ohio 43952, for Defendant-Appellant.

**Dated:**
June 25, 2018

**Donofrio, J.**

{¶1}   Defendant-appellant, Brian Bruce, appeals from a Jefferson County Common Pleas Court judgment sentencing him to 30 years in prison following his guilty plea to four counts of felonious assault, aggravated burglary, kidnapping, and attempted murder.

{¶2}   On December 1, 2016, appellant went to the Super 8 Motel in Jefferson County in search of D.W.  D.W. had recently obtained a civil protection order against appellant.  When he arrived at the motel, appellant pretended to be D.W.'s brother in order to gain access to D.W.'s room.  When D.W. opened the door, appellant threatened to kill her. They then began to fight.  Appellant hit D.W. and stabbed her with a knife.  Appellant eventually took D.W. from the hotel and drove her to his brother's house.  Appellant then asked a friend, Ed Walker, to give them a ride to Bergholz.  D.W. got into Walker's truck and appellant went back into the house to retrieve his cell phone. When appellant went into the house, D.W. told Walker what appellant had done to her and said that appellant was going to kill her.  Walker drove away with D.W.  They stopped a Steubenville Police Officer who called an ambulance to transport D.W. to the hospital.

{¶3}   Walker then went to the city of Bergholz to a friend's house and fell asleep in his truck outside of the house.  He awoke to appellant beating and stabbing him.

{¶4}   On December 7, 2016, a Jefferson County Grand Jury indicted appellant on four charges relating to D.W.:  one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1); one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2); one count of aggravated burglary, a first-degree felony in violation of R.C. 2911.11(A)(1); and one count of kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(3).  The grand jury also indicted appellant on three charges relating to Walker:  one count of attempted murder, a first-degree felony in violation of R.C. 2903.02(A) and R.C. 2923.02(A); one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1); and one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2). Appellant initially pleaded not guilty.

{¶5}   Appellant subsequently changed his plea and entered a guilty plea to all charges in the indictment.  The trial court accepted appellant's plea and found him guilty of all charges.  The court then proceeded immediately to sentencing.

{¶6}   For purposes of sentencing, the trial court found that Count One merged into Count Two (the two counts of felonious assault against Wiley).  It also found that Counts Six and Seven (the two counts of felonious assault against Walker) merged into Count Five (the attempted murder count).  Therefore, the court sentenced appellant to six years in prison for felonious assault, six years for aggravated burglary, eight years for kidnapping, and ten years for attempted murder.  The court ordered appellant to serve these sentences consecutively for a total prison term of 30 years.

{¶7}   Appellant filed a timely notice of appeal on August 20, 2017.  He now raises a single assignment of error.

{¶8}   Appellant's assignment of error states:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SENTENCING THE DEFENDANT TO A PRISON TERM OF THIRTY YEARS.

{¶9}   Appellant argues that the trial court should have been more lenient in sentencing him.  He states that he expressed genuine remorse for his crimes, his "ORAS" score was moderate, and the court recognized he suffered from mental health issues.

{¶10}  Appellant also argues that the court should have merged his sentences for aggravated burglary and felonious assault.  He contends his act of unlawfully entering the victim's hotel room and the act of assaulting her were part of one concerted act that should not have been separately adjudicated.

{¶11}  When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶12}  The trial court sentenced appellant to prison terms of six, eight, and ten years for the three first-degree felonies.  The possible prison terms for a first-degree felony are three, four, five, six, seven, eight, nine, ten, or eleven years.  R.C.

2929.14(A)(1). The court also sentenced appellant to six years on the second-degree felony. The possible sentences for a second-degree felony are two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). Thus, each of appellant's sentences was within the applicable statutory range.

{¶13} In sentencing a felony offender, the court must consider the overriding principles and purposes set out in R.C. 2929.11, which are to protect the public from future crime by the offender and others and to punish the offender. The trial court shall also consider various seriousness and recidivism factors as set out in R.C. 2929.12(B)(C)(D)(E).

{¶14} Contrary to appellant's assertion, in sentencing appellant the trial court did take into consideration his moderate "OARS" score, his significant mental health issues, and his remorse. (Tr. 54-55). The court made numerous other findings, however, in support of its sentence.

{¶15} The court found three statutory factors applied indicating appellant's conduct was more serious than that normally constituting the offense: both victims suffered serious physical and psychological harm; appellant's relationship with the victims facilitated the offenses against them; and the offenses against D.W. involved a household member because appellant had resided with D.W. just prior to the offense. (Tr. 50-51). The court also found that none of the statutory factors indicating appellant's conduct was less serious applied. (Tr. 51).

{¶16} The court also found that four factors applied indicating recidivism was likely: appellant was unfavorably terminated from postrelease control; appellant had a long history of criminal convictions including convictions for kidnapping, criminal mischief, trespassing, felonious assault, assault on a corrections officer, and possession of drugs; appellant has not responded favorably to previous sanctions, and appellant has demonstrated a pattern of drug or alcohol abuse related to the offenses and has failed to acknowledge this pattern. (Tr. 52-54).

{¶17} Given the above, there is no indication that the trial court's findings are unsupported or that appellant's sentence is otherwise contrary to law.

{¶18} Regarding allied offenses and merger, when the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment may contain counts for all of the offenses but the defendant may be

convicted of only one. R.C. 2941.25(A). But when the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus, the defendant may be convicted of all counts. R.C. 2941.25(B).

{¶19} The Ohio Supreme Court addressed the issue of offenses of similar import requiring merger in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. The Court held that if a defendant's conduct supports multiple offenses, the defendant can be convicted of all of the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows the offenses were committed separately, or (3) the conduct shows the offenses were committed with separate animus. *Id.* at paragraph three of the syllabus, citing R.C. 2941.25(B). Two or more offenses are of dissimilar import within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

{¶20} The state is correct that appellant did not raise this issue at the time of sentencing. Therefore, we must apply a plain-error review here. Plain error is one in which but for the error, the outcome would have been different. *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

{¶21} "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus. Therefore, we must consider the defendant's conduct and the facts of each case in order to determine whether the offenses are of similar import. *State v. Gardner*, 7th Dist. No. 10 MA 52, 2011-Ohio-2644, ¶ 23.

{¶22} Although this case involved a plea, the facts put forth at the sentencing hearing were undisputed. Appellant went to D.W.'s hotel room and pretended to be her brother in order to find out which hotel room she was in. When D.W. opened the door, expecting to see her brother, she was confronted with appellant who threatened to kill her. R.C. 2911.11(A)(1) provides that an aggravated burglary occurs when a person, by force, stealth, or *deception* trespasses in an occupied structure when another person is present, with purpose to commit any criminal offense and if the offender inflicts, or

attempts or *threatens* to inflict physical harm on another. Thus, when appellant trespassed into D.W.'s hotel room by pretending to be her brother and threatened to kill her, the aggravated burglary was complete. Then when appellant hit, slapped, and stabbed D.W., he committed felonious assault.

**{¶23}** Appellant's conduct shows that he committed the two offenses separately. Therefore, the trial court did not commit plain error in deciding not to merge the felonious assault and the aggravated burglary for purposes of sentencing.

**{¶24}** In sum, we find that the trial court considered the relevant factors in sentencing appellant and appellant's sentence complies with the applicable law. Moreover, the trial court correctly sentenced appellant separately for each offense.

**{¶25}** Accordingly, appellant's sole assignment of error is without merit and is overruled.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs
Robb, P. J., concurs

---

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**